IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ORIGINAL INVESTMENTS, LLC, d/b/a DANK'S WONDER EMPORIUM, a Washington limited liability company, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | Case No. CIV-20-820-F |
| THE STATE OF OKLAHOMA, THE OKLAHOMA STATE DEPARTMENT OF HEALTH, COLONEL LANCE FRYE, M.D., INTERIM COMMISSIONER OF THE OKLAHOMA STATE DEPARTMENT OF HEALTH, THE OKLAHOMA MEDICAL MARIJUANA AUTHORITY, and DR. KELLY WILLIAMS, PhD, INTERIM DIRECTOR OF THE OKLAHOMA MEDICAL MARIJUANA AUTHORITY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Before the court are Plaintiff Original Investments, LLC's Motion for Judgment on the Pleadings (doc. no. 22) and Defendants' Cross-Motion for Judgment on the Pleadings (doc. no. 24).

I.

Plaintiff Original Investments, LLC is a Washington limited liability company with its principal place of business in Olympia, Washington. Its members and

officers all reside in Washington State. Plaintiff brought this action seeking relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201. In its complaint, plaintiff alleges that section 427.14(E)(7) of the Oklahoma Medical Marijuana and Patient Protection Act, 63 O.S. § 427.1, *et seq.*, and implementing rules, violate the dormant Commerce Clause of the United States Constitution because they discriminate against non-residents of Oklahoma. Specifically, it alleges that section 427.14(E)(7) prohibits non-residents of Oklahoma from receiving a medical marijuana business license and from owning more than 25 percent of any entity that has a medical marijuana business license. It alleges the implementing rules require applicants for medical marijuana business licenses to prove Oklahoma residency through submission of certain documents, such as an Oklahoma-issued driver's license or an Oklahoma identification card. Plaintiff seeks a declaration that section 427.14(E)(7) and the implementing rules violate the dormant Commerce Clause of the United States Constitution and a permanent injunction enjoining the enforcement of section 427.14(E)(7). Plaintiff names as defendants, the State of Oklahoma, the Oklahoma State Department of Health, Colonel Lance Frye, M.D., Interim Commissioner of the Oklahoma State Department of Health, the Oklahoma Medical Marijuana Authority and Dr. Kelly Williams, Ph.D., Interim Director of the Oklahoma Medical Marijuana Authority.

After the pleadings closed, the court conducted a status conference with the parties. They stipulated that plaintiff's action presented a pure question of law for the court's determination. In the interest of economy, they proposed submitting to the court competing motions for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P. The court agreed with the proposed procedure and set a schedule for the filing of all Rule 12(c) papers. The motions have now been fully briefed by parties. After review of all papers and the pleadings, the court makes the following determination.

II.

The court applies the same standard for adjudicating the parties' Rule 12(c) motions as that applicable to motions under Rule 12(b)(6), Fed. R. Civ. P. Barrett v. University of New Mexico Bd. of Regents, 562 Fed. Appx. 692, 694 (10th Cir. 2014) (citing Corder v. Lewis Palmer Sch. Dist. No. 38, 566 F.3d 1219, 1223 (10th Cir. 2009)). "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Barrett, 562 Fed. Appx. at 694 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "'[M]ere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim.'" Barrett, 562 Fed. Appx. at 694 (quoting Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011)). The issue of immunity under the Eleventh Amendment to the United States Constitution may be decided on a Rule 12(c) motion. Barrett, 562 Fed. Appx. at 694 (unpublished decision cited as persuasive under 10th Cir. R. 32.1(A)).

III.

In their Rule 12(c) motion, and in response to plaintiff's Rule 12(c) motion, defendants argue that the State of Oklahoma, Oklahoma State Department of Health and Oklahoma Medical Marijuana Authority are immune from plaintiff's action based upon the Eleventh Amendment. They contend that "[a]t the very least," judgment on the pleadings cannot be granted against them. Doc. no. 24, p. 3, doc. no. 23, p. 9. Plaintiff has not responded or replied to this issue.

"Per the Eleventh Amendment, '[s]tates may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity.'" Collins v. Daniels, 916 F.3d 1302, 1315 (10th Cir. 2019) (quoting Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 (10th Cir. 2010) (quoting Green

3

v. Mansour, 474 U.S. 64, 68 (1985)). "'This prohibition encompasses suits against state agencies [and] [s]uits against state officials acting in their official capacities.'" *Id*.[1] "But, '[u]nder *Ex parte Young* [209 U.S. 123[] (1908)], a plaintiff may avoid the Eleventh Amendment's prohibition on suits against states in federal court by seeking to enjoin a state official from enforcing an unconstitutional statute.'" *Id*. (quoting Cressman v. Thompson, 719 F.3d 1139, 1146, n. 8 (10th Cir. 2013)).

Plaintiff has sued the state and two of its agencies seeking declaratory and injunctive relief.  Oklahoma has not consented to this suit, and Congress has not abrogated Oklahoma's immunity from plaintiff's section 1983 claims.  Muscogee (Creek) Nation, 611 F.3d at 1227 ("[Section] 1983 does not abrogate a state's sovereign immunity[.]") (citing Quern v. Jordan, 440 U.S. 332, 338-340 (1979)).  Therefore, the State of Oklahoma and its two agencies, the Oklahoma State Department of Health and the Oklahoma Medical Marijuana Authority, are entitled to immunity from plaintiff's complaint under the Eleventh Amendment.

Plaintiff has also sued two of the state's officials in their official capacities.  The Eleventh Amendment prohibition also applies to suits against state officials sued in their official capacities.  Collins, 916 F.3d at 1315.  However, as stated, under *Ex parte Young*, a plaintiff may avoid dismissal by seeking to enjoin a state official from enforcing an unconstitutional statute.  *Id*.  To come within the *Ex parte Young* exception, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Maryland, Inc. v. Public Service Com'n of Maryland, 535 U.S. 635, 645 (2002) (quotation omitted).

---

[1] "'[A] suit against a state official acting in his or her official capacity . . . is no different than a suit against the State itself.'" Muscogee (Creek) Nation, 611 F.3d at 1227 (quoting Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989)).

Plaintiff's complaint alleges an ongoing violation of federal law. And it appears to seek prospective declaratory and injunctive relief. However, the complaint, as pled, specifically seeks that relief against the State of Oklahoma, the Oklahoma State Department of Health, and the Oklahoma Medical Marijuana Authority. Doc. no. 1, p. 11. The complaint's prayer for relief does not mention the state officials in their official capacities at all. Additionally, in the introductory paragraph of the complaint, plaintiff alleges that its claims for relief are against "Defendants, the State of Oklahoma [], the Oklahoma Medical Marijuana Authority [], and the Oklahoma State Department of Health []." Doc. no. 1, p. 1. Plaintiff is represented by counsel and therefore is not entitled to liberal construction of the complaint. *See*, Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (*pro se* litigant's pleadings are construed liberally and held to less stringent standard than pleadings drafted by lawyers). Further, the complaint includes no well-pled factual allegations to show that the named state officials "have a particular duty to 'enforce' the statute in question and a demonstrated willingness to exercise that duty." Peterson v. Martinez, 707 F.3d 1197, 1205 (10th Cir. 2013) (quotation omitted); *see also*, Barrett, 562 Fed. Appx. at 694 ("A plaintiff must adequately allege the individual official's duty to enforce the statute in question and a demonstrated willingness to do so.") (citation omitted).[2] Consequently, it appears that plaintiff has only made each state official "a party as a representative of the state." Peterson, 707 F.3d at 1205. Consequently, the court concludes that the state officials in their

---

[2] The complaint alleges "Colonel Lance Frye, M.D. is the Interim Commissioner of the Oklahoma State Department of Health and resides within this Court's jurisdiction" and "Dr. Kelly Williams, PhD, is the Interim Director of the Oklahoma Medical Marijuana Authority and resides within this Court's jurisdiction." Doc. no. 1, ¶¶ 6 and 8.

official capacities are also entitled to Eleventh Amendment immunity from plaintiff's claims.³

IV.

For the reasons stated, the court concludes that plaintiff's Rule 12(c) motion should be denied, and defendants' Rule 12(c) motion should be granted to the extent that plaintiff's complaint against defendants is dismissed without prejudice based upon the Eleventh Amendment immunity.

As this case is in its infancy and it appears that plaintiff may be able to amend its complaint to avoid the Eleventh Amendment immunity prohibition with respect to its claims against one or both of the state officials in their official capacities, the court, in its discretion, will allow plaintiff to file an amended complaint within 14 days of the date of this order.⁴  If plaintiff fails to file an amended complaint, the court will enter judgment dismissing without prejudice plaintiff's complaint and action against all defendants based upon Eleventh Amendment immunity.

V.

Accordingly, Plaintiff Original Investments, LLC's Motion for Judgment on the Pleadings (doc. no. 22) is **DENIED**.  Defendant's Cross-Motion for Judgment

---

³ "[A] court may raise the issue of Eleventh-Amendment immunity sua sponte[.]"  U.S. ex rel. Burlbas v. Orenduff, 548 F.3d 931, 942 (10th Cir. 2008).

⁴ In examining authority with respect to plaintiff's requested relief, the court was reminded of the doctrine of illegality ("a court won't use its equitable power to facilitate illegal conduct"), which a member of a Tenth Circuit panel determined supported the affirmance of the dismissal of a complaint, filed by a state-chartered credit union formed to serve marijuana-related businesses, seeking a mandatory injunction directing the Federal Reserve to grant the credit union a master account.  Fourth Corner Credit Union v. Federal Reserve Bank of Kansas City, 861 F.3d 1052, 1054-1058 (10th Cir. 2017) (per curium).  The complaint was dismissed without prejudice on other grounds.  Id. at 1053.  It appears that defendants did not raise the illegality defense in their amended answer, but the court notes that courts have concluded that the doctrine of unclean hands may be raised sua sponte.  Karpenko v. Leendertz, 619 F.3d 259, 265 (3d Cir. 2010) (citing Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 174 (3d Cir. 2001)); Valentine v. Metropolitan Life Ins. Co., Case No. 85 3006, 2004 WL 2496074, * 4 (S.D.N.Y. Nov. 4, 2004).  In light of the court's ruling in this order, the court does not raise the issue.

on the Pleadings (doc. no. 24) is **GRANTED** to the extent that plaintiff's complaint against all defendants is **DISMISSED WITHOUT PREJUDICE** based upon Eleventh Amendment immunity.

Plaintiff is **GRANTED** leave to file an amended complaint within 14 days from the date of this order against one or both of the named state officials in their official capacities.  Failure to so comply will result in the entry of a judgment dismissing this action without prejudice as against all defendants based upon Eleventh Amendment immunity.

IT IS SO ORDERED this 17th day of March, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0820p004 rev_.docx